**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| PAUL G. STRACHAN, | |
| Plaintiff-Counter-Defendant-Appellee, | No. 13-1482 |
| | (D. Colorado) |
| v. | (D.C. 1:10-CV-02593-WJM-KLM) |
| PANDAW CRUISES INDIA PVT. LTD.; EXOTIC JOURNEYS PVT. LTD.; EXOTIC HOSPITALITY PVT. LTD.; GAJRAJ WILDLIFE RESORTS PVT. LTD.; HERITAGE RIVER CRUISES PVT. LTD.; RAJ SINGH; VISHNU SINGH SINSINWAR, | |
| Defendants-Counter-Plaintiffs-Appellants. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]     The Defendants do not request oral argument, and the Plaintiff has not filed any documents in the appeal.  In the absence of a request for oral argument, the Court will decide the appeal based on the briefs.  *See* Fed. R. App. P. 34(a)(2)(C).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  But the order and judgment can be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Mr. Paul Strachan and Pandaw America, Inc. sued seven foreign individuals, five foreign corporations, three domain properties, and an unspecified number of fictitiously named individuals, entities, and properties. The district court ultimately dismissed Mr. Strachan's claims based on a failure to prosecute and awarded judgment to the Defendants on their counterclaim for abuse of process. On the counterclaim, the court directed defense counsel to file an affidavit establishing the amount of their fees and costs. Defense counsel complied, submitting an affidavit and billing entries that showed 743.69 hours of work and fees and expenses totaling $234,421.83.

The district court regarded this amount as excessive and made two deductions. First, the court deducted $17,213.76 based on inadequate documentation by one foreign attorney, Pankaj Bhatia. Second, the court made a 75% reduction on the amount of attorneys' fees sought by the Defendants' U.S. counsel. The court awarded the remaining amount, $53,391.76 in fees and $3,641.04 in costs, to the Defendants on their abuse-of-process counterclaim. The Defendants appeal the reduction in attorney fees for U.S. counsel. We affirm.

The district court regarded U.S. counsel's 743.69 hours as excessive for eight reasons:

- The case was not complex;

- the case did not "come anywhere close to reaching trial;"

- there had been no substantive hearings;

2

- no discovery disputes had taken place;

- there was no indication of a discovery exchange;

- there was no indication that any depositions had been taken;

- defense counsel lacked credibility for some billings, such as 20.2 hours for a single day; and

- defense counsel did not have to prepare witnesses for trial or to draft trial briefs, motions *in limine*, or proposed jury instructions.

Defense counsel argue the district court's reasons are based on five errors.

Four of the arguments involve the district court's characterization of the suit as a straight-forward copyright action, reliance on the absence of any substantive discovery, failure to expeditiously manage the case, and statement regarding the number of substantive motions. These arguments are invalid.

For these arguments, our review is limited: We consider only whether the district court abused its discretion in reducing the amount. *Clearone Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 777 (10th Cir. 2011). The Defendants' four arguments do not reflect an abuse of discretion.

First, defense counsel insist that the case was never a "straight-forward copyright action." Defs.' Opening Br. at 11.[1] They point to unique features of the case, such as difficulties in serving Mr. Strachan's agents and the existence of

---

[1] In part, defense counsel criticize the district court for mistakenly referring to the case as a copyright action because none of the claims involved copyright law. The district court's point, however, was that the case appeared relatively straightforward.

3

multiple parties on four continents. But, defense counsel have not explained why they had to spend hundreds of hours as a result of service difficulties or the presence of defendants on four continents.

Second, defense counsel criticize the district court's statement that there was no indication substantive discovery had been exchanged. Defense counsel allege this statement is inaccurate because: (1) they submitted billing entries which showed drafting and researching of discovery requests, and (2) they attached their discovery requests to a summary judgment motion. Then, defense counsel emphasize that "[t]he discovery requests, and Plaintiff's lack of responses to the requests for admissions (i.e. admissions), are referenced in virtually every argument in the Motion for Summary Judgment." Defs.' Opening Br. at 17. But, the district court was focusing on the apparent failure to exchange discovery. And, even in the Defendants' opening brief, there is no indication that any documents were ever exchanged.

In a footnote, the district court remarked: "[The Defendants] appear to have been preparing to conduct some discovery, but then they reached a settlement with Pandaw America. (ECF No. 97-1 at 34-35.) There are no billing entries that indicate any discovery actually occurred." Defs.' Opening Br. at 6 n.2. For this footnote, defense counsel accuse the district court of a lack of familiarity with the record, pointing to their inclusion of discovery requests with a summary judgment motion. In making this accusation, defense counsel overstate what the district

4

court said. It simply said in a two-sentence footnote that defense counsel's billing entries did not show any actual discovery.

Defense counsel point out that the record elsewhere contains proof that three documents were sent, requesting written discovery. But, defense counsel are silent regarding any responses, production of a single record, or the taking of a single deposition. The three discovery requests do little to undermine the discretion appropriately afforded to the district court.

Third, defense counsel accuse the district court of failing to timely rule on motions, requiring the case to "drag[] all the way until right before the final pretrial conference was set to take place." *Id.* at 17. For the sake of argument, we may assume that defense counsel are correct. The problem is that defense counsel do not identify any hours they incurred for trial preparation because of the district court's alleged delays. Mr. Strachan and Pandaw America lost legal representation by August 13, 2012, and never again filed a single document in the case.[2] Even then, defense counsel billed over 160 hours for litigation against *pro se*, nonparticipating plaintiffs.

Fourth, defense counsel criticize the district court for saying there were only two substantive motions. Defense counsel point out that the district court did not include two applications for extensions of time, a request for leave to file an

---

[2] Defense counsel stated on March 26, 2013, that Mr. Strachan had told others that he had abandoned the litigation. Second Mot. for Telephonic Appearance at 2 (Mar. 26, 2013).

5

oversized brief, two requests to appear by telephone, an answer and counterclaim, a proposed pretrial order, two status reports, a brief regarding the applicability of Fed. R. Civ. P. 4(k)(2), a motion to stay discovery, and a motion for entry of default. The filings are considerable, but do not undermine the district court's statement that defense counsel had only filed two substantive motions (a motion to dismiss for lack of jurisdiction and a motion for summary judgment). Though defense counsel point to numerous other filings, none constitute "substantive motions." The district court's statement was correct.

The final argument is factual. One of the defense attorneys billed 20.2 hours for a single day, and the district court expressed disbelief. R. at 271 ("Given the time needed to eat, sleep, and generally take care of oneself, the Court finds it impossible to believe that this entry is accurate.").

The attorney (who billed these hours) insists that 20.2 hours was correct because he stayed at the office all night, expressing "regret[] that the [district judge] has never known the joy of spending all day and night in front of the computer, eating [his] meals there, but this is what associates are doing more often these days." *Id.* at 22.

We review the district court's factual finding for clear error. *See Coulter v. Tennessee*, 805 F.2d 146, 150-51 (6th Cir. 1986) (stating that the clear-error standard applies to "factual questions about whether the lawyer actually worked the hours claimed"). The district court could reasonably question the ability to

perform over 20 hours of billable work even if the attorney had worked all night.[3]

Thus, the district court's finding did not constitute clear error.

The district court did not err when it reduced U.S. counsels' fee request by 75%. Accordingly, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3] Elsewhere, the district court indicated that an attorney would ordinarily not be able to bill each hour at work. R. at 269 ("Based on the undersigned's experience, to bill eight hours a day to a case requires that the attorney work at least 10-12 hours in that day.").